Carmen Danissa BALTAZAR–
SOTO, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–70416.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Meredith L. Flax, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A95–399–371.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Carmen Danissa Baltazar–Soto, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Baltazar–Soto's contention that the IJ made erroneous factual findings regarding her son's educational needs and conditions in Peru because she failed to raise those issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

Baltazar–Soto's contention that the IJ violated equal protection by failing to consider country conditions in Peru when making his hardship determination is unavailing. *See Dillingham v. INS,* 267 F.3d 996, 1007 (9th Cir.2001) ("In order to succeed on [an equal protection] challenge, the petitioner must establish that [her] treatment differed from that of similarly situated persons.").

Baltazar–Soto's due process challenge to the BIA's decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–53 (9th Cir.2003) (holding that the Board's streamlining procedure comports with due process).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

